J. DAVID BREEMER
CA Bar No. 215039
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
JBreemer@pacificlegal.org

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JACK WALL and WALL FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN AINSWORTH, in his official capacity as Executive Director of the California Coastal Commission, and DONNE BROWNSEY, in her official capacity as Chair of the California Coastal Commission,<br><br>Defendants. | Civil Action No. 2:22-cv-4668<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF 42 U.S.C. § 1983** |

## INTRODUCTION

1. Jack Wall, an individual citizen of California domiciled therein, and the Wall Family Trust (together, "Walls"), a trust created pursuant to the laws thereof, own a residence on an inland tract of Hollister Ranch ("Ranch"), a 14,500-acre working cattle farm in rural Santa Barbara County ("County").

2. The Ranch has been divided into more than 100 parcels of 100 acres or more, about half of which have been residentially developed on 2-acre building envelopes. Plaintiff Wall Family Trust owns title in fee simple to a lawfully

Complaint
No. 2:22-cv-4668

constructed home on a 102-acre portion of the Ranch that is almost one mile away from the shoreline.

3. On November 15, 2018, the County granted the Walls a permit to build a small family pool and spa next to their home. Several California coastal commissioners appealed this decision to the California Coastal Commission. On May 9, 2019, the Commission reversed the County decision and denied the permit. The Walls then petitioned a state court for a writ ordering the Commission to grant their permit. The California Superior Court granted and denied the writ of mandate in part, remanding the Walls' permit application to the Commission for reconsideration. A California appellate court affirmed this decision.

4. On remand, under color of the Coastal Act, the commissioners approved the Walls' permit on the condition that they pay a $5,000 public beach access in-lieu fee designed to help fund provision of public access at the Ranch.

5. This public beach access in-lieu fee is an unconstitutional condition because there is no reasonable or proportionate connection between public beach access needs or interests and the impact of the Walls' pool project. Under *Ex parte Young*, the Walls are entitled to an equitable remedy that prohibits the Defendant state officials from enforcing the in-lieu fee requirement against the Walls, in violation of their constitutional rights.

## THE PARTIES

6. Plaintiff Jack Wall is an individual citizen of the United States, who is domiciled and resides in California. He and members of his household reside part time in a home built on an inland parcel of the Ranch.

7. Plaintiff Wall Family Trust is a trust under the laws of California that owns the parcel and dwelling in fee simple.

8. Defendants are John Ainsworth, in his official capacity as Executive Director of the Commission, and Donne Brownsey, in her official capacity as Chair of the Commission. Mr. Ainsworth has the power and responsibility to enforce

conditions imposed by the Commission on coastal development permits. Ms. Brownsey has authority to enforce Coastal Act §§ 30610.3 and 30610.8 and conditions imposed on development permits pursuant to those provisions.

9. In their official capacities, Mr. Ainsworth and Ms. Brownsey are subject to federal lawsuits seeking injunctive relief from actions that violate the U.S. Constitution. *Ex parte Young*, 209 U.S. 123 (1908).

## JURISDICTION AND VENUE

10. The claims in this action arise under the Fifth Amendment to the U.S. Constitution, incorporated against the states through the Fourteenth Amendment. The Court has jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. A remedy is sought under the Declaratory Judgment Act, 28 U.S.C. § 2201.

11. Venue is proper in this Court because this action concerns private properties located in Santa Barbara County, California, within the jurisdiction of the United States District Court for the Central District of California, Western Division.

## FACTUAL BACKGROUND

### A. The Property's Character and Plaintiffs' Pool Permit Application

12. The property at the heart of this dispute lies in the northern part of Santa Barbara County, California, in the private, 14,500-acre Ranch. The Ranch is a working cattle ranch that has been subdivided into parcels of at least 100 acres each. Some of these parcels feature single-family homes and accessory agricultural structures (e.g., barns and stables). The Pacific Ocean lies along the southwestern boundary of the Ranch.

13. The Ranch is accessed by a gated private road. There is no public road within the Ranch.

14. There is currently no public beach area at the Ranch.

15. The Wall property is designated as Hollister Ranch Parcel No. 36 and sits three-quarters of a mile inland from the beach.

16. The Wall property has never been used or designated as a public area. It is not near, or viewable from, any public trail or other publicly accessible area.

17. A single-family home was built on the Walls' parcel in approximately 2001. The Walls frequently use the home for personal use and family gatherings.

18. In 2018, Plaintiffs applied to the County to build a 60-foot by 16-foot swimming pool, a detached 8-foot by 12-foot in-ground spa, and associated equipment, with 89 cubic yards of excavated soil moved offsite.

19. The proposed swimming pool and spa would be located adjacent to the existing residence, specifically, on its southwestern side. The project does not involve the removal of any trees or native vegetation.

20. The Walls intended to use the pool for family gatherings and time with their grandchildren.

**B.   County Approval and the Commission's Appeal**

21. On November 15, 2018, the County approved a coastal development permit for the Walls' swimming pool and spa proposal, finding it consistent with the Coastal Act and its Commission-certified Local Coastal Program.

22. The County did not require a public beach access in-lieu fee.

23. On December 18, 2018, individual commissioners appealed the County's decision to the whole Commission.

24. At a subsequent de novo public hearing, the Commission denied the permit. The Walls subsequently challenged the denial in state court, filing a petition for writ of administrative mandate and complaint for declaratory relief with the Superior Court of California, County of Santa Barbara (No. 19CV03464).

25. The Superior Court granted in part and denied in part the petition for writ of mandate, and remanded the permit to the Commission for reconsideration.

26. The Walls appealed. On December 16, 2021, a California Court of Appeal affirmed the Superior Court's decision. In so doing, it found that the Walls had *not* raised an unconstitutional conditions claim against the Commission's initial

permit denial. The controversy was therefore remanded to the Commission for a new de novo hearing on the Walls' permit, pursuant to the Superior Court's affirmed decision.

### C. The Current, Challenged Permit Decision

27. Prior to holding a new public hearing on the Walls' pool permit, the Commission's staff issued a report and recommendation. Exhibit 1. The report advised the Commissioners to approve the Walls' remanded permit application subject to two "Special Conditions." Special Condition No. 1 requires the Walls pay a $5,000 in-lieu (of public beach access) fee prior to issuance of their permit. The staff report explained that the in-lieu fee is required by Coastal Act §§ 30610.3 and 30610.8, as a tool to address and provide public beach access at the Ranch.

28. Cal. Pub. Res. Code § 30610.3 reads, in part:

> (e) Every person receiving a coastal development permit or a certificate of exemption for development on any vacant lot within an area designated pursuant to this section shall, prior to the commencement of construction, pay to the commission, for deposit in the Coastal Access Account, an "in-lieu" public access fee.

29. Cal.Pub. Res. Code § 30610.8 reads, in part:

> (a) The Legislature hereby finds and declares that a dispute exists at the Hollister Ranch in Santa Barbara County with respect to the implementation of public access policies of this division and that it is in the interest of the state and the property owners at the Hollister Ranch to resolve this dispute in an expeditious manner. The Legislature further finds and declares that public access should be provided in a timely manner and that in order to achieve this goal, while permitting property owners to commence construction, the provisions of this section are necessary to promote the public's welfare.
>
> (b) For purposes of Section 30610.3 and with respect to the Hollister Ranch public access program, the in-lieu fee shall be five thousand dollars ($5,000) for each permit. Upon payment by the applicant for a coastal development permit of this in-lieu fee to the State Coastal Conservancy for use in implementing the public access program, the applicant may immediately commence construction if the other conditions of the coastal development permit, if any, have been met. No condition may be added to a coastal development permit that was issued prior to the effective date of this section for any development at the Hollister Ranch.

30. Before the Commission convened for a vote, Mr. Wall sent it a letter objecting to the public beach access in-lieu fee condition on the ground that it was an "unnecessary, unreasonable and unconstitutional condition" because "[b]uilding the pool will not affect or harm any existing public access interests or any public beach access that might exist in the future." Exhibit 3.

31. At a public hearing held on June 10, 2022, the Commission approved Plaintiffs' permit, subject to the staff-recommended conditions, including Special Condition No. 1 requiring the Walls to pay a $5,000 public beach access in-lieu fee prior to issuance of the permit.

## **DECLARATORY RELIEF ALLEGATIONS**

32. Under the Fifth and Fourteenth Amendments to the U.S. Constitution, Plaintiffs have a right to be free from conditions on a development permit that are not directly or proportionately related to the impact of the slated project. *Dolan v. City of Tigard*, 512 U.S. 374, 389–90 (1994).

33. There is a justiciable controversy as to whether Defendant officials are enforcing the Coastal Act to impose a permit condition on the Walls that bears no reasonable relationship, essential nexus, or proportionality to any public harm caused by the Plaintiffs' pool and spa project.

34. A declaratory judgment as to whether Defendants may constitutionally and lawfully impose the public beach access in-lieu fee will serve a useful purpose in clarifying and settling the legal relations and obligations between the parties.

35. A declaratory judgment as to whether Defendants may constitutionally and lawfully impose a public beach access in-lieu fee will terminate, and afford relief from, the uncertainty and insecurity giving rise to this controversy.

## **INJUNCTIVE RELIEF ALLEGATIONS**

36. There is a substantial likelihood that Plaintiffs will succeed on their claim that the unlawful enforcement of the Coastal Act to impose the $5,000 public beach access in-lieu fee violates the Unconstitutional Conditions Doctrine.

37. Plaintiffs have no adequate remedy at law to address this arbitrary, unconstitutional, unreasonable, and unlawful enforcement of the Coastal Act.

38. Plaintiffs will likely suffer irreparable harm absent both preliminary and permanent injunctions restraining Defendants from enforcing the public beach access in-lieu fee.

39. The injury to Plaintiffs, this unconstitutional condition, imposes and outweighs any harm the injunction might cause the public.

40. An injunction restraining state officials from unconstitutionally enforcing the public beach access in-lieu fee as a condition of the Walls' permit will not impair, but rather enhance, the public interest.

## COUNT I

### Violation of Plaintiffs' Civil Rights (42 U.S.C. § 1983)
### Unconstitutional Condition

41. Paragraphs 1 through 40 set forth above are realleged and incorporated herein by this reference.

42. The Unconstitutional Conditions Doctrine enforces the constitutional guarantee of just compensation by forbidding government officials from using their permitting power to coerce applicants to donate property (including money) as a condition for receiving a permit, when they would normally have to pay to obtain the subject property interest. *See Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013).

43. The Walls' proposed pool does not impact, impede, or interfere with public beach access at the Ranch. Nor does it harm or interfere with any governmental plans to provide public beach access at the Ranch now or in the future.

44. The public beach access in-lieu fee is not related or connected to the social impact of the Walls' pool project.

45. The in-lieu access fee is not roughly proportional to the social impact of the Walls' proposed pool.

46. The in-lieu access fee is an unreasonable, invalid, and unconstitutional condition that violates the Unconstitutional Conditions Doctrine.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that the Court:

47. Declare the requirement of payment of a $5,000 public beach access in-lieu fee in Special Condition No. 1 to be an unconstitutional condition;

48. Preliminarily and permanently enjoin Defendant officials from enforcing the public beach access in-lieu fee condition against Plaintiffs with respect to the project in controversy;

49. Any other available relief; and

50. Attorneys' fees under 42 U.S.C. § 1988.

Dated: July 8, 2022.

Respectfully submitted,

s/ J. David Breemer
J. DAVID BREEMER, CA Bar No. 215039
Email: JBreemer@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

*Counsel for Plaintiff*