# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK WALL, et al., | Case No. CV 22-4668 FMO (SKx) |
| Plaintiffs, | |
| v. | **ORDER RE: DEFENDANTS' MOTION TO DISMISS** |
| JOHN AINSWORTH, in his official capacity as Executive Director of the California Coastal Commission, et al., | |
| Defendants. | |

Having reviewed and considered all the briefing filed with respect to John Ainsworth's and Donne Brownsey's (collectively "defendants") Motion to Dismiss Plaintiffs' Complaint [], (see Dkt. 18, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND[1]

Jack Wall and the Wall Family Trust (collectively, "plaintiffs") own a 200-acre parcel of land in the Hollister Ranch subdivision in the County of Santa Barbara ("County"). (See Dkt. 1, Complaint for Declaratory and Injunctive Relief [] ("Compl.") at ¶¶ 1 & 12); (Dkt. 18, Memorandum of Points and Authorities ("Memo.") at 1 & 3). Hollister Ranch is a 14,500-acre subdivision

---

[1] Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.

encompassing 8.5 miles of the Santa Barbara coastline. (See Dkt. 1, Compl. at ¶ 12); (Dkt. 18, Memo. at 3). Development on plaintiffs' property is governed in part by the California Coastal Act ("CCA" or "Act"), Cal. Pub. Res. Code §§ 30000, et seq. (See Dkt. 1, Compl. at ¶¶ 4 & 8); (Dkt. 18, Memo. at 3). A primary goal of the CCA is to maximize public access to the coast. See Remmenga v. Cal. Coastal Comm'n., 163 Cal.App.3d 623, 629 (1985).

Under the CCA, development on a property along California's coast generally requires a coastal development permit ("CDP"). See Cal. Pub. Res. Code § 30600(a). Where a proposed or existing subdivision does not allow owners of individual parcels to provide coastal access consistent with the CCA, the Act requires the landowner to pay an in-lieu fee as a condition of CDP approval. See id. at § 30610.3. "The fee is then deposited into the Coastal Access Account (CAA) for the purchase of lands and view easements and to pay for any development needed to carry out the public access program." Wall v. California Coastal Commission, 72 Cal.App.5th 943, 948 (2021) (internal quotation marks omitted); see Cal. Pub. Res. Code §§ 30610.3(e) & 30610.8.

On November 15, 2018, the County approved plaintiffs' CDP application – without subjecting it to the CCA's in-lieu fee – to build a pool and spa on their property. (See Dkt. 1, Compl. at ¶¶ 21-22). On December 18, 2018, two members of the California Coastal Commission ("Commission") appealed the County's CDP approval to the full Commission. (See Dkt. 1, Compl. at ¶ 23); (Dkt. 18, Memo. at 1 & 4). Although plaintiffs urged the Commission to find that the appeal raised no substantial issues, plaintiffs also "said that they would be willing to pay the fee in exchange for the Commission's approval of their CDP request." Wall, 72 Cal.App.5th at 950. Plaintiffs did not raise a constitutional challenge to the in-lieu fee requirement before the Commission. Id. at 956; (see Dkt. 18, Memo. at 5 n. 5).

In May 2019, the Commission denied plaintiffs' CDP application, including plaintiffs' request that their CDP application be approved subject to payment of the in-lieu fee. (See Dkt. 1, Compl. at ¶ 3); (Dkt. 18, Memo. at 2 & 5); Wall, 72 Cal.App.5th at 947. Plaintiffs challenged the Commission's denial in a petition for writ of administrative mandate in the Santa Barbara County Superior Court ("superior court" or "trial court"). In their petition, plaintiffs sought approval of the CDP without an in-lieu fee or, "[a]lternatively, . . . a writ of mandate compelling the Commission

to issue the permit subject [] to the $5,000 public access in-lieu fee identified in Coast Act Section 30610.8." (Dkt. 18-2, Defendants' Request for Judicial Notice in Support of Motion to Dismiss [] ("RJN"), Exhibit ("Exh.") A, Verified Petition for Writ of Administrative Mandate [] at 12).[2] Plaintiffs also raised a new claim – a constitutional challenge to the in-lieu fee – before the trial court in support of their writ petition. (See, e.g., Dkt. 18-2, RJN, Exh. B, Memorandum in Support of the Petition for a Writ of [] Mandate ("Memo. ISO Writ of Mandate") at ECF 161-63) (arguing that the in-lieu fee "is itself unconstitutional under Nollan/Dolan"); (Dkt. 18, Memo. at 2 & 6).

The superior court granted the petition in part, "finding that the Commission did not proceed in the manner required by law because it failed to order the [plaintiffs] to pay a $5,000 in lieu public access fee in exchange for a CDP." Wall, 72 Cal.App.5th at 951. The trial court also considered and rejected plaintiffs' constitutional challenge, finding that the in-lieu fee was not an unconstitutional condition. (See Dkt. 18-2, RJN, Exh. C ("Order on Writ Petition") at ECF 176-82); (id. at ECF 182) ("The court [] concludes that the requirement to pay the $5,000 in-lieu fee under former section 30610.8 is not an unconstitutional condition."). The superior court "remanded the case to the Commission with directions to issue the CDP upon payment of the $5,000 fee unless other factual or legal bases for denial were specified." Wall, 72 Cal.App.5th at 951; (see Dkt. 18-2, RJN, Exh. C, Order on Writ Petition at ECF 184) ("The Commission shall require payment of the $5,000 in-lieu fee of former section 30610.8 [] as a condition for approval of the [project.]").

Plaintiffs appealed the superior court's decision to the California Court of Appeal. (See Dkt.18-2, RJN, Exh. D ("Appellant's Opening Brief")). The Court of Appeal affirmed the trial court''s decision, holding that "[t]he trial court [had] correctly concluded that the Coastal Act requires payment of an in-lieu public access fee for approval of the [plaintiffs'] CDP." Wall, 72 Cal.App.5th at 956. As to plaintiffs' constitutional challenge, the appellate court held that plaintiffs had "waived" their constitutional claim by not raising the claim "below[,]" before the Commission.

---

[2] The court grants defendants' unopposed request for judicial notice of the state court records submitted in support of the Motion. (See Dkt. 18-2, RJN); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records[.]").

Id.; see also, id. at 951 (The appellate court's "scope of . . . review from the judgment on the [plaintiffs'] petition for writ of administrative mandate is the same as that of the trial court.").

On remand from the state court, the Commission held a hearing to reconsider plaintiffs' CDP application. (See Dkt. 20, Opposition to Defendants' Motion to Dismiss ("Opp.") at 7). The Commission approved plaintiffs' CDP application, subject to payment of the $5,000 in-lieu fee. (See id.). Plaintiffs subsequently filed the instant action, raising the constitutional claim, (see Dkt. 1, Compl. ¶¶ 41-47), which the Court of Appeal found plaintiffs had waived.

## **LEGAL STANDARDS**

I. RULE 12(b)(1).

A defendant may seek to dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[3] "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6)[.]" Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Id. "The court need not presume the truthfulness of the plaintiff's allegations." Id. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty., 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).

---

[3] Unless otherwise indicated, all further "Rule" references are to the Federal Rules of Civil Procedure.

4

II. RULE 12(b)(6).

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007) ("Twombly"); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) ("Iqbal"); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 550 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 267, 114 S.Ct. 807, 810 (1994) (plurality opinion), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will

necessarily defeat the claim. See Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## DISCUSSION

Under the Rooker-Feldman doctrine, "federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013) (quoting Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003)). A federal court must refuse to hear not only "a forbidden de facto appeal from a judicial decision of a state court[,]" but also "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158. "To determine whether an action functions as a de facto appeal of a state court judgment, we 'pay close attention to the relief sought by the federal-court plaintiff.'" Cooper v. Ramos, 704 F.3d 772, 777-78 (9th Cir. 2012) (internal quotation marks omitted). If "the relief requested in the federal action would effectively reverse the state court decision or void its ruling," the claims are "inextricably intertwined" and the federal action must be dismissed for lack of subject matter jurisdiction. Id. at 779 (internal quotation marks omitted). "[A]ny other rule would result in a waste of judicial resources and unnecessary friction between state and federal courts." Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986).

Here, plaintiffs seek an order declaring that the in-lieu fee requirement is an unconstitutional condition, and request that the court enjoin defendants "from enforcing the public access in-lieu fee condition against Plaintiffs with respect to the project in controversy[.]" (See Dkt. 1, Compl. ¶¶ 47-48); (Dkt. 20, Opp. at 7). However, the same issue and request that plaintiffs seek here were raised before the trial court and the state appellate court. (See Dkt. 18-2, RJN, Exh. B, Memo. ISO Writ of Mandate at ECF 161-63); (Dkt. 18-2 RJN, Exh. C, Order on Writ Petition at ECF 170); (Dkt. 18-2, RJN, Exh. D, Appellant's Opening Brief at ECF 236-42); Wall, 72 Cal.App.5th at 948. The trial court and the appellate court both considered and rejected plaintiffs' claim, albeit on different grounds, that the in-lieu fee requirement is an unconstitutional condition. (See Dkt. 18-2, RJN, Exh. C, Order on Writ Petition at ECF at 170-82); Wall, 72

Cal.App.5th at 956. As such, the instant action constitutes a de facto appeal of the state courts' decisions and raises issues that are "inextricably intertwined" with those decisions. See Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (finding that Rooker-Feldman doctrine applied where plaintiff "essentially asked the federal court to review the 'state court's denial in a judicial proceeding' and to afford him the same individual remedy he was denied in state court") (citation omitted); Ezor v. McDonnell, 2022 WL 1184187, *1 (9th Cir. 2022) ("The district court properly dismissed [plaintiff's] claims contesting the validity of the [state court decision] because they are a forbidden de facto appeal of state court proceedings and raise issues that are inextricably intertwined with those proceedings.") (internal quotation marks omitted); Cooper, 704 F.3d at 779 (noting claims are "inextricably intertwined" for purposes of the Rooker-Feldman doctrine where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling") (internal quotation marks omitted) (emphasis added).

Nevertheless, plaintiffs contend that the Rooker-Feldman doctrine does not apply because "[n]othing in the complaint challenges a state-court judgment. [The complaint] does not complain of an injury created by the state court, assert state court legal error, or seek relief from a state court judgment. Instead, it challenges, and seeks relief from, a final agency action; i.e., the Officials' conditional approval of the Walls' permit." (See Dkt. 20, Opp. at 8). Plaintiffs also contend that "[t]he appellate court held that the issue of the constitutionality of the in-lieu fee was never before the superior court. Thus, the superior court's statements on that issue are null and void." (Id. at 9). Plaintiffs' contentions are unpersuasive.

As an initial matter, plaintiffs did not address the standard of review the state appellate court applied to the trial court's decision. (See, generally, Dkt. 20, Opp. at 5-7 & 9). As the state appellate court stated, "[w]e review the Commission's decision directly, and independently determine whether the Commission proceeded in excess of jurisdiction, whether it provided a fair hearing, and whether it abused its discretion when it denied the Walls' CDP request." Wall, 72 Cal.App.5th at 951 (emphasis added). Thus, when the appellate court found that plaintiffs "waived" their constitutional claim because plaintiffs had not "raise[d] this contention below[,]" id. at 956, the appellate court was referring to the fact that plaintiffs did not raise the claim before the

Commission, not the trial court. Indeed, it would make no sense for the appellate court to find, as plaintiffs claim, "that the issue of the constitutionality of the in-lieu fee was never before the superior court[,]" (Dkt. 20, Opp. at 9), because the claim clearly was raised and addressed by the trial court on the merits. (See Dkt. 18-2 RJN, Exh. C, Order on Writ Petition at ECF at 170-82).

An appellate court does "not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal." See Engel v. Cantil-Sakauye, 2023 WL 3562964, *1 (9th Cir. 2023). This rule applies when the appeal is from a decision issued by an administrative body. See Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) ("[A]ppellants must raise issues at their administrative hearings in order to preserve them on appeal[.]"); Universal Health Servs., Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004) (finding that when a party fails to raise an argument before an administrative body, it is "barred [] from raising that argument on judicial review"); see, e.g., Phillips v. Colvin, 593 F.Appx. 683, 684 (9th Cir. 2015) (affirming the Commissioner of Social Security's denial of benefits and finding that the issue of whether plaintiff had engaged in substantial gainful activity "was waived by [plaintiff's] failure to raise it at the administrative level when he was represented by counsel").

Here, there is no dispute that the appellate court found that plaintiffs waived their constitutional claim because they failed to raise it before the Commission. Wall, 72 Cal.App.5th at 956. Thus, the appellate court's finding that plaintiffs waived their constitutional claim because it was not raised before the Commission is a factual and legal decision which this court cannot review. In other words, to allow plaintiffs' constitutional claim to proceed, this court would have to, in effect, find that the appellate court erred in holding that plaintiffs waived their constitutional claim. Cf., e.g., Harshaw v. Colvin, 616 F.Appx. 316 (9th Cir. 2015) (finding that "waiver rule" applied to administrative law judge's "finding of fact" and holding that appellant "waived [an] issue by raising it for the first time before the district court"). In short, irrespective of how plaintiffs characterize the underlying administrative and state court proceedings in their Complaint, the court cannot adjudicate plaintiffs' constitutional claim because such a challenge is "inextricably

intertwined" with the appellate court's finding that plaintiffs waived their constitutional claim.[4]  See, e.g., Cooper, 704 F.3d at 781 (finding it was "immaterial that [Plaintiff] frames his federal complaint as a constitutional challenge to the state court['s] decision[], rather than as a direct appeal of th[at] decision[]"); May v. Morgan Cnty. Georgia, 878 F.3d 1001, 1005 (11th Cir. 2017) ("Semantics aside, Rooker-Feldman bars [plaintiff's] claim here because the crux of it was addressed in the first civil case. Even if her § 1983 claim . . . is somehow distinct from an as applied challenge to the constitutionality of the [statutory] bar against her enjoyment of that right, that claim is inextricably intertwined with her claims from her first civil case."); McCoy v. Carter, 2013 WL 6836606, *4 (D. Ariz. 2013) ("While at first glance, several of Plaintiffs' claims appear to be independent allegations by an adverse party, a review of the documents attached to Plaintiffs' Complaint demonstrates that many of these claims were raised in the state-court proceedings below [] and were resolved by the state-court when it considered the Petition") (footnote omitted); Thomas v. Zelon, 2017 WL 6017343, *6 (C.D. Cal. 2017), aff'd, 715 F.Appx. 780 (9th Cir. 2018) ("[P]laintiff's allegations confirm that he is challenging the decision and rulings of the state court[] [n]otwithstanding plaintiff's characterization of his complaint[.]").

As to plaintiffs' argument that they are not seeking to appeal the state courts' decisions, but rather, seeking to challenge a "new" decision by the Commission to grant the CDP subject to an in-lieu fee, (see Dkt. 20, Opp. at 1-2), the court is unpersuaded.  The Court of Appeal, after

---

[4]  Plaintiffs' briefing does not address the application of the Rooker-Feldman doctrine to the appellate court's decision.  (See, generally, Dkt. 20, Opp. at 8-11).  Rather, plaintiffs' argument is concerned with whether their constitutional claim was "before the superior court[,]" or whether the trial court gave the Commission the authority to "approve or deny the permit[.]"  (See, e.g., id. at 9).  While the trial court addressed plaintiffs' constitutional claim on the merits, the appellate court did not refrain from considering plaintiffs' constitutional claim; rather, it simply concluded that it did not need to address the merits of the claim because plaintiffs had waived their right to pursue the claim.  In other words, the appellate court simply affirmed the trial court's decision but on a different ground, i.e., waiver.  But even if the appellate court had not addressed the constitutional claim, that would not change the result because when an "appellate court refrains from considering one of the grounds upon which the decision below rests, an affirmance of the decision below extends legal effects to the whole of the lower court's determination[.]"  Diruzza v. Cnty. of Tehama, 323 F.3d 1147, 1156 (9th Cir. 2003) (internal quotation marks omitted).  In other words, plaintiffs' constitutional claim is also inextricably intertwined with the trial court's decision which addressed the claim on the merits.

9

conducting its own independent review of the Commission's decision, affirmed the trial court's decision and ordered the Commission to condition any approval of the CDP on a $5,000 in-lieu fee. See Wall, 72 Cal.App.5th at 956. Thus, the Commission's subsequent decision to grant the CDP subject to the in-lieu fee is nothing more than the Commission carrying out the state courts' mandate on remand. See Ayyad v. Sprint Spectrum, L.P., 210 Cal.App.4th 851, 863 (2012) ("[T]he trial court's jurisdiction on remand extends only to those issues on which the reviewing court permits further proceedings.") (emphasis omitted); Visciotti v. Martel, 862 F.3d 749, 763 (9th Cir. 2016) ("According to the law of the case doctrine, on remand a lower court is bound to follow the appellate court's decision as to issues decided explicitly or by necessary implication.") (internal quotation marks omitted).

Indeed, the Commission has no power to issue a decision beyond the boundaries of the remand order issued by the state courts. See In re Martinez, 210 Cal.App.4th 800, 827 (2012) ("It is indeed a well-established principle of administrative law that an administrative agency vested with discretion to make a certain decision in the first instance may have its discretion limited on remand or even eliminated entirely by a reviewing court."); see, e.g., Mendez-Gutierrez v. Gonzales, 444 F.3d 1168, 1173 (9th Cir. 2006) (holding that the Board of Immigration Appeals "has no power to expand [the Ninth Circuit's] remand beyond the boundary ordered by [the Ninth Court]. This is consistent with the orderly administration of justice."); Albion River Watershed Prot. Ass'n v. California Dep't of Forestry & Fire Prot., 286 Cal.Rptr. 573, 589 (Ct. App. 1991) (unpublished) (trial court remanded decision to the California Department of Public Health but limited the scope of reconsideration to two unique issues). And any alleged deviation by the Commission from the state courts' mandate on remand – even if it constitutes a "new" decision as plaintiffs contend, (see Dkt. 20, Opp. at 1-2) – must be presented to the state courts for further judicial review. In other words, this court has no authority to, in effect, review the Commission's compliance with the state courts' mandate on remand; only the state courts can review the Commission's compliance with the state courts' remand order. See Sullivan v. Hudson, 490 U.S. 877, 886, 109 S.Ct. 2248, 2254-55 (1989) ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial

review."); Puritan Leasing Co. v. Superior Ct., 76 Cal.App.3d 140, 147 (1977) (On remand from the appellate court, "[t]he trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void.") (internal quotation marks omitted). Notably, the "new" decision issued by the Commission does not address plaintiffs' constitutional challenge to the in-lieu fee; nor could it because the state appellate court made a finding – which, again, this court cannot review – that plaintiffs waived their constitutional challenge by not raising it before the Commission. Wall, 72 Cal.App.5th at 956.

Finally, although plaintiffs did not request leave to amend their Complaint, (see, generally, Dkt. 20, Opp.), the court is not persuaded that leave to amend should be granted in this instance. Rule 15 of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires." See Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (The policy favoring amendment must "be applied with extreme liberality."). However, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971). Here, it is clear that further amendment here would be futile because plaintiffs' claims cannot be saved through amendment. See, e.g., Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) (a district court may dismiss without leave to amend if "amendment would be futile"); Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) ("A district court does not err in denying leave to amend where the amendment would be futile."); Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).

## CONCLUSION

Because the court finds that the Rooker-Feldman doctrine applies to plaintiffs' action, the court lacks jurisdiction over the instant matter.[5]  Accordingly, based on the foregoing, IT IS

---

[5] Under the circumstances, the court need not address any remaining arguments in the Motion. Nevertheless, the court notes that plaintiffs' constitutional claim appears to also be barred by the doctrine of collateral estoppel. "Collateral estoppel, or issue preclusion, dictates that when

ORDERED THAT:

    1.  Defendants' Motion **(Document No. 18)** is **granted**.

    2.  Plaintiff's action **(Document No. 1)** is **dismissed with prejudice**. Judgment shall be entered accordingly.

Dated this 13th day of August, 2023.

                                                  /s/
                                      Fernando M. Olguin
                                  United States District Judge

---

an issue [] has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Diruzza, 323 F.3d at 1152 (internal quotation marks omitted). Here, the parties in the underlying state court action are in privity with the parties to the instant action, see McAlister v. Essex Prop. Tr., 504 F.Supp.2d 903, 912 (C.D. Cal. 2007) ("Privity exists where the nonparty was closely related to the party in the prior action."), and for the reasons set forth in this Order, the constitutionality of the in-lieu fee was "actually litigated" and "necessarily decided" by the California courts. See Diruzza, 323 F.3d at 1152 (outlining the elements of a collateral estoppel claim under California law); (see, generally, Dkt. 18-2, RJN, Exh. C, Order on Writ Petition); Wall, 72 Cal.App.5th 943.